# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**INNOCENTE REYES ,**

    **Plaintiff,**

**v.**                                            **No. 98cv0838 BB/JHG**

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    This matter is before the Court on Plaintiff's (Reyes') Motion to Reverse and Remand Administrative Decision, filed April 5, 1999. The Commissioner of Social Security issued a final decision denying Reyes' applications for disability insurance benefits and supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is well-taken and recommends that it be GRANTED.

    Reyes, now fifty-seven years old, filed his applications for disability insurance benefits on November 2, 1995, alleging disability since November 30, 1994. Reyes claimed the following impairments: 1) obesity; 2) impaired hearing and vision; 3) chronic headaches; 4) chronic knee pain; and 5) reduced intellectual functioning. On August 30, 1996, the Commissioner's Administrative Law Judge (ALJ) denied benefits because he found Reyes could perform his past relevant work. On

May 11, 1998, the Appeals Council concluded there was no basis under Social Security Administration regulations for granting Reyes' request for review. Thus, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Reyes seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

In his August 30, 1996 decision, the ALJ found Reyes' I.Q. scores fell within the range listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1, §12.05(C) (hereinafter §12.05(C)). Tr. 17. Section 12.05(C) provides that an individual meets the required level of severity for disability based on mental retardation if the individual has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." §12.05(C).

However, the ALJ found that while Reyes met the first prong of §12.05(C), he did not have "a physical or other mental impairment imposing additional and significant work-related limitation of function." Tr. 17. Specifically, the ALJ found that Reyes "had not met his burden of demonstrating by objective evidence that he had experienced more than a minimal impact on his capacities for work related functioning due to any vision or hearing impairment, headaches, obesity, or any knee condition." Tr. 17.

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse and remand, Reyes argues 1) the ALJ made an improper §12.05(C) evaluation of his visual impairment; 2) the ALJ made an improper §12.05(C) evaluation of his hearing impairment; and 3) the ALJ made an improper §12.05(C) evaluation of his depression.

Reyes argues that the ALJ's finding of no severe vision problem is not supported by substantial evidence. On January 19, 1995, Joseph R. Perea, M.D., an internist, tested Reyes' vision and found that Reyes' right eye vision was 20/100 minus 1 but improved to 20/40 with pinhole. Tr.

3

97.  Dr. Perea found Reyes left eye vision was less than 20/200 but improved to 20/40 with pinhole. Tr. 97.  As to his near vision, Dr. Perea found Reyes was able to read and recognize letters of elite type without glasses. Tr. 97.  Dr. Perea concluded Reyes needed glasses.

On January 26, 1995, Ronald Frederick, M.D., an ophthalmologist, reported Reyes' right eye vision as 20/70 and his left eye vision as 20/200. Tr. 88.  Dr. Frederick noted there was **no improvement** in Reyes' vision with refraction. Tr. 88.  Dr. Frederick also noted Reyes' "difficult unreliable responses" and noted "his visual acuity should be better than he claims." Tr. 88-89.  Dr. Frederick also recommended Reyes be checked for glasses. Tr. 89.

Although Dr. Perea is an internist and evaluated Reyes' vision as part of the general exam and Dr. Frederick specializes in diseases of the eye and **refractive errors**, the ALJ accepted Dr. Perea's findings over Dr. Frederick's findings.  *See, Tillery v. Schweiker*, 713 F.2d 601, 603 (10th Cir. 1983)(ALJ has duty to resolve conflicts in the evidence). The ALJ gave no explanation for rejecting Dr. Frederick's finding that there was no improvement in Reyes' vision with refraction.  Dr. Frederick noted Reyes' uncooperativeness and his unreliable responses.  However, Dr. Michael R. Rodriguez noted the following in Reyes' psychological evaluation:

> [H]e may have some difficulty with attention and concentration.  He also seemed to be quite suppressed in terms of his motor speed, his calculation ability, and his understanding of social mores.  Thus, it is clear that he would have difficulty understanding directions.
> \* \* \* \* \* \* \*
> He also appears to guess and to very quickly make responses when under stress.  He seemed to forget the instructions at times in spite of multiple reminders to perform the task a certain way.  This led to improper completion of the task.

On remand, the ALJ should reconsider Dr. Frederick's evaluation in light of Reyes' other impairments.

Reyes also claims the ALJ improperly analyzed his hearing impairment under §12.05(C) and should have referred him for a hearing evaluation. This Court agrees. Although, Dr. Perea noted Reyes "had no difficulty hearing a spoken voice (even medium tone), with a quiet room," a hearing evaluation by a specialist is warranted. Tr. 96. Throughout the disability application process Reyes alleged problems with his hearing. "The ALJ has a basic obligation in every social security case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v. United States Dep't of Health and Human Services*, 13 F.3d 359, 360-61 (10th Cir. 1993). On remand, the ALJ should fully and fairly develop the record with respect to Reyes' hearing impairment, including, *inter alia*, an evaluation by an audiologist.

Finally, Reyes claims the ALJ failed to analyze his depression to determine if it was of such severity as to meet the second prong of the §12.05(C) analysis. In his report, Dr. Michael R. Rodriguez, the clinical psychologist who evaluated Reyes, noted the following:

1) His facial expression suggested primarily depressive mood, and there was decreased variability of expression.

2) His affect appeared to be somewhat blunted and **primarily** he appeared to be somewhat depressed or sad. (emphasis added).

On remand the ALJ should fully and fairly develop the record with respect to Reyes' complaint of depression.

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence. Reyes' Motion to Reverse and Remand Administrative Decision, filed April 5, 1999, should be granted. This case should be remanded to the Commissioner to allow the ALJ to analyze Reyes'

5

complaint of depression and to fully and fairly develop the record with respect to Reyes' hearing impairment, including, *inter alia*, a hearing evaluation by an audiologist. The ALJ also should reconsider Dr. Frederick's evaluation in light of Reyes' other impairments.

JOE H. GALVAN
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.